Filing # 165815624 E-Filed 01/31/2023 12:36:37 PM

IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT IN AND
FOR PINELLAS COUNTY, FLORIDA

Case No.:

ERIC ZACHARY OLIVER,
a Florida resident,

    Plaintiff,

v.

THE NIELSEN COMPANY (US) LLC,
a foreign limited liability company,

    Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant(s) The Nielsen Company (US) LLC.

    Each defendant is required to serve written defenses to the complaint or petition on Ryan H. Ahlberg, plaintiff's attorney, whose address is Ahlberg Law, PLLC, 1111 Brickell Avenue 10th Floor, Miami, Florida 33131, within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | |
|---|---|
| Dated: January 30, 2023<br>Ryan H. Ahlberg<br>Attorney for Plaintiff<br>1111 Brickell Avenue 10th Floor<br>Miami, Florida 33131<br>Florida Bar Number 0117360 | **KEN BURKE, CPA**<br>As Clerk of the Court<br>By: _Zachary Jones_<br>As Deputy Clerk<br>315 Court Street<br>Clearwater, Florida 33756 |



_____ JAN 31 2023

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

***ELECTRONICALLY FILED 01/31/2023 12:36:35 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V), or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V), at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V), or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V), por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

2

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V), or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V), au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Pasco County Customer Service Center, Pasco County Risk Management Office, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V), 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V), fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT IN AND
FOR PINELLAS COUNTY,
FLORIDA

Case No.: _____

ERIC ZACHARY OLIVER,
a Florida resident,

      Plaintiff,

v.

THE NIELSEN COMPANY (US) LLC,
a foreign limited liability company,

      Defendant.

_____/

## COMPLAINT

The Plaintiff, Eric Oliver, hereby sues Defendant The Nielsen Company (US) LLC, and further alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of thirty thousand dollars, exclusive of attorneys' fees, interest, and costs.

2. At all times relevant hereto, Plaintiff Eric Oliver ("Oliver") was and is a resident of Pinellas County, Florida.

3. At all times relevant hereto, Defendant The Nielsen Company (US) LLC ("Nielsen") was and is a foreign limited liability company with substantial and not isolated activities within Florida, with its principal address located at 675 Avenue

1

Case 8:23-cv-00490-KKM-J_S    Document 1-3    Filed 03/03/23    Page 5 of 16 PageID 22

of the Americas, New York, New York, and its registered agent located at 115 North Calhoun St., Suite 4, Tallahassee, Florida 32301.

4. Jurisdiction is proper pursuant to Fla. Stat. § 48.193 and 29 U.S.C. § 2617(a)(2).

5. Venue is proper pursuant to Fla. Stat. § 47.051 and as the cause of action accrued in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

6. Oliver worked for Neilsen in Oldsmar, Florida from approximately January 2020 through January 25, 2023. Oliver earned approximately $20 per hour (Oliver's gross pay in 2022 was $43,825.12).

7. Oliver's employment was without significant issues or disciplinary action.

8. Nielsen has over fifty employees at its Oldsmar, Florida location and Oliver worked the requisite 1250 hours in the prior twelve months to qualify for federal Family Medical Act (hereinafter, "FMLA") leave, which Neilsen was obligated to provide.

9. In late 2022/early 2023, Oliver applied for continuous FMLA leave for the birth of his son.

10. On January 2, 2023, Oliver was notified that he met the eligibility requirements for continuous FMLA leave from January 26, 2023 through February 9, 2023.

11. On January 11, 2023, Nielsen notified Oliver that he was terminated.

12. When Oliver inquired about whether or not any of his co-workers were also being terminated, Nielsen refused to respond. Oliver also requested similar information from a co-worker, who also refused to respond stating Nielsen had directed him

2

not to comment.

13. As a direct and proximate result of Nielsen's conduct, Oliver has suffered damages, including but not limited to, economic damages, other compensatory damages, liquidated damages, costs of suit, and attorney's fees.

## CAUSE OF ACTION I
## FMLA Interference (29 U.S.C. § 2615(a)(1))

14. Paragraphs 1 through 13 are incorporated herein by reference.

15. An FMLA interference claim is one in which an employee asserts the employer denied or otherwise interfered with substantive rights under the Act. *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001).

16. Nielsen's actions, as described herein, constituted FMLA violations. Oliver was eligible for FMLA leave, he was terminated a week after this notification, and his last date of work coincided with the final day he was scheduled to work before his leave was to begin.

17. As a direct and/or proximate result of Nielsen's conduct, Oliver has suffered damages in excess of $30,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

## CAUSE OF ACTION II
## FMLA Retaliation (29 U.S.C. § 2615(a)(2))

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. An FMLA retaliation claim is one in which an employee asserts the employer discriminated against the employee because the employee engaged in activity protected by the Act. *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239

F.3d 1199, 1206 (11th Cir. 2001).

20. Oliver engaged in protected conduct when he requested and then received notification of his eligibility for FMLA leave.

21. Nielsen's actions, as described herein, constituted an adverse employment action.

22. Temporal proximity creates a causal connection between Oliver's statutorily protected activity and Nielsen's adverse employment action.

23. As a direct and/or proximate result of Nielsen's conduct, Oliver has suffered damages in excess of $30,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

**WHEREFORE**, Oliver requests a **JURY TRIAL** on his claim and judgment against Nielsen as follows:

1. As to Cause of Action I, for judgment in favor of Oliver in an amount greater than $30,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

2. As to Cause of Action I, for judgment in favor of Oliver in an amount greater than $30,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

3. For Oliver's costs, disbursements and attorney's fees incurred herein;

4. For such other and further relief as the Court deems just and equitable.

Dated: January 31, 2023                             AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg (#0117360)
1111 Brickell Avenue 10th Floor
Miami, Florida 33131
(954) 361-8899
rahlberg@ahlberglaw.com
Attorney for Plaintiff

Filing # 165815624 E-Filed 01/31/2023 12:36:37 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>   COUNTY, FLORIDA

<u>Eric Zachary Oliver, Ryan Herbert Ahlberg</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>The Nielsen Company (US), LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

***ELECTRONICALLY FILED 01/31/2023 12:36:35 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation


**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

<u>2</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Ryan Herbert Ahlberg</u>       Fla. Bar # <u>0117360</u>
             Attorney or party                        (Bar # if attorney)

<u>Ryan Herbert Ahlberg</u>           <u>01/31/2023</u>
(type or print name)             Date

- 3 -

Ahlberg Law, PLLC
1111 Brickell Avenue
10th Floor
Miami, Florida 33131



AHLBERG
LAW

February 1, 2023

The Nielsen Company (US), LLC
℅ Cogency Global, Inc.
115 North Calhoun St.
Suite 4
Tallahassee, Florida 32301

Re: *Eric Zachary Oliver v. The Nielsen Company (US), LLC*
    Case Number:

To Whom It May Concern:

Please take notice that Ahlberg Law, PLLC represents Eric Zachary Oliver. Enclosed and served upon you please find the Summons, Complaint, and Civil Cover Sheet filed in the above-referenced matter.

**REDACTED**

Please feel free to contact me if you have any questions.

Very Truly Yours,
*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg

AHLBERG LAW, PLLC

Enclosures

Ryan H. Ahlberg* | Direct: (954) 361-8899 | Fax: On Request | rahlberg@ahlberglaw.com | www.ahlberglaw.com
*Admitted to Practice Law in Florida and Minnesota

## VERIFIED RETURN OF SERVICE

State of Florida      County of Pinellas      Circuit Court

Case Number: 23-000482-CI


BII2023001694

Plaintiff:
ERIC ZACHARY OLIVER

vs.

Defendant:
THE NIELSEN COMPANY (US) LLC

For:
Ryan H. Ahlberg, Esq.
Ahlberg Law, PLLC
1111 Brickell Avenue
10th Floor
Miami, FL 33131

Received by BURKE INVESTIGATIVE PROCESS SERVICES INC on the 3rd day of February, 2023 at 9:54 am to be served on **THE NIELSON COMPANY (US) LLC C/O COGENCY GLOBAL INC, 115 NORTH CALHOUN STREET, SUITE 4, TALLAHASSEE, FL 32301**.

I, Christopher Kady, do hereby affirm that on the **3rd day of February, 2023** at **11:45 am, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** Served the within named business entity by delivering a true copy of **Attorney's Letter, Summons, Complaint and Civil Cover Sheet** to: **JANELLE DAVIS** as CLIENT SERVICE SPECIALIST, an employee of the Registered Agent after confirming the Registered Agent was not in the office or was otherwise unavailable, pursuant to the requirements of Fla. Stat. 48.091, and informed said person of the contents therein, at **115 N. CALHOUN STREET, SUITE 4, TALLAHASSEE, FL 32301**. on behalf of **THE NIELSON COMPANY (US) LLC C/O COGENCY GLOBAL INC**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 28, Sex: F, Race/Skin Color: BLACK, Height: 5'8", Weight: 185, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

Christopher Kady
Process Server 237

BURKE INVESTIGATIVE PROCESS SERVICES INC
7200 West Camino Real
Suite 102
Boca Raton, FL 33433
(954) 514-0116

Our Job Serial Number: BII-2023001694

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.1z

Filing # 165815624 E-Filed 01/31/2023 12:36:37 PM

IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT IN AND
FOR PINELLAS COUNTY, FLORIDA

Case No.:

ERIC ZACHARY OLIVER,
a Florida resident,

    Plaintiff,

v.

THE NIELSEN COMPANY (US) LLC,
a foreign limited liability company,

    Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant(s) The Nielsen Company (US) LLC.

    Each defendant is required to serve written defenses to the complaint or petition on Ryan H. Ahlberg, plaintiff's attorney, whose address is Ahlberg Law, PLLC, 1111 Brickell Avenue 10th Floor, Miami, Florida 33131, within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated: January 30, 2023
Ryan H. Ahlberg
Attorney for Plaintiff
1111 Brickell Avenue 10th Floor
Miami, Florida 33131
Florida Bar Number 0117360

**KEN BURKE, CPA**
As Clerk of the Court

By: _Zachary Jones_
As Deputy Clerk
315 Court Street
Clearwater, Florida 33756



JAN 31 2023

---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

1

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

ERIC ZACHARY OLIVER,

    **Plaintiff,**

v.                                      CASE NO. 23-000482-CI

**THE NIELSEN COMPANY (US) LLC,**
a foreign limited liability company

    **Defendant.**

_____/

**DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant, **THE NIELSEN COMPANY (US) LLC**, by and through its undersigned counsel, hereby moves for an extension of time in which to respond to the Complaint filed by Plaintiff, **ERIC ZACHARY OLIVER**. In support thereof, Defendant states the following:

1. Plaintiff filed a Complaint initiating the instant litigation on January 31, 2023.

2. Defendant was served with the Complaint on or about February 3, 2023.

3. Under the Florida Rules of Judicial Administration, Defendant's Answer to the Complaint is due on February 27, 2023.

4. Defendant's Counsel requires additional time to analyze and investigate the allegations in the Complaint and respond to same.

5. Accordingly, Defendant respectfully requests a two-week extension of time in which to respond to the Complaint, until March 13, 2023.

6. As discussed above, good cause exists for the requested extension.

7. Counsel for Defendant is attempting to confer with counsel for Plaintiff and will advise the Court right away if there is any objection to this brief extension. No party will be

prejudiced by the requested extension.

8. This motion is made in good faith and not for the purpose of delay.

Dated: February 23, 2023.   Respectfully submitted,

*/s/ Lara J. Peppard*
Lara J. Peppard, FL Bar No. 520055
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL, 33602
P: 813.221.7239; F: 813.289.6530
lara.peppard@ogletree.com
Secondary:  denise.banach@ogletree.com
lorene.harris@ogletree.com
TAMdocketing@ogletree.com
*Counsel for Defendant THE NIELSEN COMPANY (US) LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 23, 2023, the foregoing was electronically filed with the Clerk of the Court by using the Florida ePortal CM/ECF system, which served a true and accurate copy via e-mail to:

Ryan H. Ahlberg, Esq., AHLBERG LAW, PLLC
1111 Brickell Avenue, 10th Floor, Miami, FL 33131
rahlberg@ahlberglaw.com
*Counsel for Plaintiff ERIC ZACHARY OLIVER*

*/s/ Lara J. Peppard*
Attorney

34700786.1