UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC ZACHARY OLIVER,

    Plaintiff,

v.

                                            CASE NO.: 8:23-cv-490-KKM-JSS

THE NIELSEN COMPANY (US), LLC,
a foreign limited liability company,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, **THE NIELSEN COMPANY (US), LLC** ("Defendant"), answers the Complaint filed by Plaintiff, **ERIC ZACHARY OLIVER** ("Plaintiff"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant denies the allegations in this paragraph.

2. Defendant is without knowledge of Plaintiff's place of residence and therefore denies the allegations in this paragraph.

3. Defendant admits the allegations in this paragraph.

4. Defendant admits the jurisdiction of this Court over this action. Defendant denies the remaining allegations in this paragraph.

5. Defendant admits venue is proper in this Court. Defendant denies the remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

6. Defendant admits it employed Plaintiff from January 27, 2020, through January 26, 2023 in Defendant's Oldsmar, Florida location. Defendant denies the remaining allegations in this paragraph.

7. Defendant denies the allegations in this paragraph.

8. Defendant admits it employs at least fifty employees in the Oldsmar, Florida location and Plaintiff was eligible to request leave under the Family Medical Leave Act ("FMLA"). Defendant denies the remaining allegations in this paragraph.

9. Defendant admits Plaintiff applied for continuous FMLA leave for the birth of his son in early 2023. Defendant denies the remaining allegations in this paragraph.

10. Defendant denies the allegations in this paragraph.

11. Defendant denies the allegations in this paragraph.

12. Defendant denies the allegations in this paragraph.

13. Defendant denies the allegations in this paragraph.

## CAUSE OF ACTION I
## FMLA Interference (29 U.S.C. § 2615(a)(1))

14. Defendant restates its responses to paragraphs 1 through 13 as fully set forth herein.

15. This paragraph consists of legal conclusions that do not require a response.

16. Defendant denies the allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

## CAUSE OF ACTION II
## FMLA Retaliation (29 U.S.C. § 2615(a)(2))

18. Defendant restates its responses to paragraphs 1 through 17 as fully set forth herein.

19. This paragraph contains legal conclusions that do not require a response.

20. This paragraph contains legal conclusions that do not require a response. However, in the event a response is required, Defendant denies the allegations in this paragraph.

21. This paragraph contains legal conclusions that do not require a response. However, in the event a response is required, Defendant denies the allegations in this paragraph.

22. This paragraph contains legal conclusions that do not require a response. However, in the event a response is required, Defendant denies the allegations in this paragraph.

23. Defendant denies the allegations in this paragraph.

In response to the "WHEREFORE" clause following paragraph 23 of the Complaint, including all subparts thereto, Defendant denies that it committed any unlawful acts, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. Defendant does not assume the burden of any

3

defense asserted that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-retaliatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to interfere or retaliate.

## THIRD DEFENSE

Defendant's actions with regard to Plaintiff's employment were job-related and consistent with business necessity.

## FOURTH DEFENSE

Plaintiff's claims under the FMLA fail in whole or in part for lack of causation because Plaintiff's selection for the reduction in workforce (RIF) was made without knowledge of any request for, approval of, or taking of FMLA leave by Plaintiff.

**FIFTH DEFENSE**

Without conceding any knowledge of any request for, approval of, or taking of FMLA leave by Plaintiff at the time of Plaintiff's selection for the RIF, the same decision to select Plaintiff for the RIF would have been made even with such knowledge, as such selection was unrelated to any request for, approval of, or taking of FMLA leave by Plaintiff.

**SIXTH DEFENSE**

At no point in time did Defendant refuse, discourage or manipulate FMLA factors to interfere with Plaintiff's request for FMLA leave.

**SEVENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant (which Defendant denies), Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

**EIGHTH DEFENSE**

Defendant reserves the right to assert the after-acquired evidence defense should Defendant uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar any recovery of damages by Plaintiff.

**NINTH DEFENSE**

Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

## **TENTH DEFENSE**

To the extent Plaintiff's damages include a claim for liquidated damages, penalties, and pre- and post-judgment interest, such damages are barred to the extent that the forms of relief are duplicative of each other.

## **ELEVENTH DEFENSE**

Plaintiff has failed to allege any actionable conduct on behalf of Defendant that would support an award for punitive damages.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated: March 10, 2023.           Respectfully submitted,

*/s/ Lara J. Peppard*
Lara J. Peppard; FBN: 520055
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
T: 813.221.7239; F: 813.289.6530
lara.peppard@ogletree.com
Secondary: denise.banach@ogletree.com
lorene.harris@ogletree.com
TAMdocketing@ogletree.com
*Counsel for Defendant*
THE NIELSEN COMPANY (US), LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 10, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to all counsel of record.

*/s/ Lara J. Peppard*
Attorney